UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURTIS L. DOWNING,<br><br>                         Plaintiff,<br>    v.<br>JO GENTRY, et al.,<br><br>                         Defendants. | Case No. 2:16-cv-02632-RFB-PAL<br><br>ORDER<br><br>(Mot Stay Disc – ECF No. 31)<br>(Mot Appt Counsel – ECF No. 35) |

Before the court is defendants' Motion to Stay Discovery (ECF No. 31) filed June 22, 2018. No opposition has been filed, and the time for filing an opposition has expired.

Also before the court is plaintiff's Motion for Appointment of Counsel (ECF No. 35). The court has reviewed the motion and defendants' Opposition (ECF No. 37).

**<u>BACKGROUND</u>**

This action is a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff filed his proposed Complaint (ECF No. 1-1) on November 14, 2016. The Screening Order (ECF No. 6) allowed plaintiff to proceed on one count of a due process violation against defendants Ortega, Gentry, Lambey, Adams, and Dreesen; one count of retaliation against defendants Ortega, Gentry, Lambey, Adams and Dreesen related to his administrative segregation, and Navatano, Akash, and Burnside related to loss of his television; and one count of denial of access to the court against defendant Smith, Contreras, Knatz, Kerby, Das, Rodarty, Worthey, Kobrick, Hochmann, Leos, King, Adams, and Dreesen. *Id.* at 15.

On January 5, 2018, the parties participated in an early mediation conference where no resolution was reached. On March 21, 2018, defendants were given 21 days to accept service of the complaint, and were given until May 21, 2018, to file an answer. Order (ECF No. 16). Downing was also granted permission to proceed *in forma pauperis*. *Id.* Defendants accepted

service on behalf of defendants Akash, Burnside, Gentry, King, Knatz, Kobrick, Lambey, Smith and Worthy on April 10, 2018, and defendant Dreesen on April 27, 2018. Defendants requested an extension of time to respond to plaintiff's complaint on May 18, 2018. The request for extension was granted in an Order (ECF No. 30). Defendants filed a Motion for Summary Judgment (ECF No. 28) on June 20, 2018. To date, a scheduling order has not been entered and discovery has not commenced. The motion for summary judgment is based on the qualified immunity defense.

**I.     Motion to Stay Discovery (ECF No. 31)**

In the current motion, defendants request that discovery be stayed pending a ruling on the motion for summary judgment. This request is made because the pending motion is potentially dispositive of this entire matter. Furthermore, the motion can be decided without additional discovery. Defendants request that the court take a "preliminary peek" at the merits of the potentially dispositive motion to see if plaintiff would be able to state a claim for relief.

The defense of qualified immunity is available if an official's conduct is objectively reasonable "as measured by reference to clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant is entitled to summary judgment based on the defense of qualified immunity only if, viewing the facts in the light most favorable to the plaintiff, the facts as alleged do not support a claim that the defendant violated clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). This is a purely legal question. *Id.*; *see also Wood v. Ostrander*, 879 F.2d 583, 591 (9th Cir. 1989).

The qualified immunity doctrine was developed to defray the social costs of litigation against government officials. *Harlow*, 457 U.S. at 814 ("These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office."). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery'." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)).

The Supreme Court has repeatedly acknowledged the "serious and legitimate reasons" for allowing officials to avoid disruptive discovery:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Iqbal*, 556 U.S. at 685. A stay "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

The Supreme Court has squarely held that until the threshold issue of immunity is resolved, discovery should not proceed. *Harlow*, 457 U.S. at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed"); *Mitchell*, 472 U.S. at 526 (qualified immunity provides "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question"). Once a defendant raises the defense, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998) (noting that limited discovery may sometimes be necessary before the court can resolve a summary judgment motion based on qualified immunity); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506–07 (D. Nev. 2013) (stay was warranted where plaintiff failed to allege discovery was necessary to rule on immunity issue raised in dispositive motions). For these reasons the court will grant the motion to stay.

II.  **Motion for Appointment of Counsel (ECF No. 35)**

Plaintiff's motion asks the court to appoint counsel because his imprisonment will greatly impede his ability to investigate and litigate his claims. Plaintiff has received permission to proceed IFP in this case and he asserts that he is unable to afford counsel. A defense of qualified immunity is complicated and he has limited access to this type of information at the law library. Although plaintiff's knowledge of the law is not limited, he feels that a lawyer can generally do a

1 better job at conducting discovery since his access to the law library is limited. Also, counsel would be better in presenting substantive and procedural issues to the court and ease the court's task of discerning the issues.

Defendants oppose the motion arguing that, although plaintiff would certainly be in a better position if he had an attorney and was not imprisoned, plaintiff has not shown extraordinary circumstances to warrant appointment of counsel.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent a litigant proceeding *in forma pauperis*. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015).

The court has considered the motion and finds that plaintiff has not established exceptional circumstances justify the appointment of counsel. Plaintiff's Complaint states a colorable procedural due process claim and retaliation claim against the defendants. Based on the record, the court is unable to assess the likelihood of success of Plaintiff's claims on their merits. However, the facts alleged and legal issues raised in this case are not especially complex. In addition, Plaintiff has submitted multiple motions to the court since commencing this action and he has demonstrated sufficient ability to write and articulate his claims. The motion is therefore denied.

The court understands that it is difficult for pro se parties to litigate their claims and almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. Plaintiff should familiarize himself with the Federal Rules of Civil Procedure, the Local Rules of Practice, and case law applicable to his claims.[1]

Having reviewed and considered the matter,

**IT IS ORDERED** that defendants' Motion to Stay Discovery (ECF No. 31) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (ECF No. 35) is **DENIED**.

DATED this 10th day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed from this court's website at http://www.nvd.uscourts.gov/.