UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CURTIS L. DOWNING,<br><br>        Plaintiff,<br>v.<br>JO GENTRY, et al.,<br><br>        Defendants. | Case No. 2:16-cv-02632-RFB-PAL<br><br>**ORDER**<br><br>(Mot. re: Unserved Defs. – ECF No. 22) |

This matter is before the court on Plaintiff Curtis L. Downing's Motion re: Identifying Unserved Defendants (ECF No. 22). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Downing is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") at the Southern Desert Correctional Center ("Southern Desert"). He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. Order (ECF No. 16). Mr. Downing commenced this action on November 14, 2016, by filing a Complaint (ECF No. 1) alleging civil rights violations pursuant to 28 U.S.C. § 1983. Upon review of the complaint, the court determined that it stated four plausible claims: (1) a procedural due process claim naming defendants Ortega, Gentry, Lamby, Adams, and Dreesen; (2) a retaliation claim regarding administrative segregation naming defendants Ortega, Gentry, Adams, and Dreesen; (3) a retaliation claim regarding Downing's TV/self-representation naming defendants Navatono, Akash, Burnside, and S&E John Doe; and (4) an access to courts claim naming defendants Smith, Contreras, Knatz, Kerby, Das, Rodarte, Worthey, Kobrick, Hochmann, Leos, King, Adams, and Dreesen. Screening Order (ECF No. 6).

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id.*; *see also* Order Setting Inmate Early Mediation Conference (ECF No. 9). The parties did not reach a settlement through mediation, but they agreed to continue having informal discussions. Mins. of Proceedings (ECF No. 10). The parties' additional discussions did not result in settlement. Thus, the court eventually returned the case to the normal litigation track and entered an Order (ECF No. 16) directing service of the Complaint on the Nevada Office of the Attorney General ("Attorney General") and instructing that notice be filed with the court indicating the defendants for whom the Attorney General accepts service, and those it does not.

The Attorney General accepted service on behalf of Defendants Rama Akash (sued as "Akosh"), Adam Burnside, Frank Dreeseen, Jo Gentry, John King (sued as "J. King"), Timothy Knatz (sued as "T. Knatz"), Joseph Kobrick (sued as "J. Kobrick"), Gillian Lambey, Rashonda Smith, and Elvin Worthey (sued as "E. Worthey") (collectively, the "NDOC Defendants"). *See* Notice Acceptance of Service (ECF No. 21); Am. Notice Acceptance of Service (ECF No. 23). However, service was not accepted on behalf of former NDOC employees Joshua Oretga (sued as "J. Ortega"), Minor Adams (sued as "Adams"), Subhabrata Das (sued as "S. Das"), Tyler Hochmann (sued as "Hochmann"), Eyvi Rodarte (sued as "E. Rodarte"), Ana Leos (sued as "Leos"), Brian Kerby (sued as "B. Kerby"), or Angel Contreras (sued as "Contreras"). *Id*. This prompted the Attorney General to file these defendants' last known address under seal. *See* Notice of Sealed Submission (ECF No. 19); Sealed Submission of Last Known Address (ECF No. 18). Service was also not accepted on behalf of "Hughes," "Solorio," Brian Sandoval, Barbara Cegavske, or Adam Laxalt, as those individuals have been dismissed from this lawsuit. Notices (ECF Nos. 21, 23) (citing Screening Order (ECF No. 6)). Finally, service was not accepted for "Navatono," because the Attorney General was unable to identify this defendant from the information Mr. Downing provided. *Id*.

To date, the NDOC defendants have not filed a responsive pleading but they have filed a Motion for Summary Judgment (ECF No. 28). Their motion was brought at an early juncture based on their determination that Mr. Downing's claims should be resolved on the grounds of

qualified immunity and/or failure to state a claim. *Id*. at 2 n.2. The NDOC defendants have also filed a Motion to Stay Discovery (ECF No. 31), which the court granted. Order (ECF No. 38).

**DISCUSSION**

In his current motion, Mr. Downing acknowledges that defense counsel filed under seal the last known addresses of the defendants for whom service could not be accepted.[1] Although the court's March 21, 2018 Order (ECF No. 16) ("Service Order") directed Downing to "provide the full name and address for the defendant(s)," *id*. at 3 ¶ 7, he argues he has no means to obtain such information since correctional officers and employees are not required to wear name badges. He also asserts he cannot obtain a last known address for any defendant since the court ordered the Attorney General to submit under seal the address of any defendant for whom service was not accepted and not to give Mr. Downing those addresses.

Rule 4(m) of the Federal Rules of Civil Procedure[2] states a defendant must be served within 90 days after a complaint is filed. A court may dismiss an action without prejudice if the summons and complaint are not served within 90 days or such further time as ordered by the court. Fed. R. Civ. P. 4(m); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve the complaint. *Id*. The court has "broad discretion" to extend the time for service under Rule 4(m), even absent a showing of good cause. *Efaw*, 473 F.3d at 1040–41.

In cases involving an incarcerated pro se plaintiff, the United States Marshals Service ("USM") serves the summons and complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). The plaintiff has a responsibility to provide the USMS with information necessary to identify and locate each defendant to be served. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). A plaintiff "may not remain silent and do nothing to effectuate such service. 'At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent

---

[1] The motion states that the Attorney General failed to indicate whether service would be accepted for defendant Frank Dreesen, Associate Warden at Southern Desert. The Attorney General subsequently amended its notice to accept service for Mr. Dreesen. *See* Am. Notice Acceptance of Service (ECF No. 23).

[2] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure.

3

service defects of which a plaintiff has knowledge'." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). If the USM is unable to complete service, for example, because the plaintiff failed to provide sufficient information or because the first address provided for a defendant is not correct, and the plaintiff is informed of the deficiency, the plaintiff must seek to remedy the situation or face dismissal of that defendant pursuant to Rule 4(m). *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22.

To obtain the information needed to serve a defendant, a plaintiff may use whatever resources and means are available to him, including but not limited to: (1) contacting persons whom a plaintiff believes were witnesses to the alleged incident that forms the basis the action; (2) contacting plaintiff's or defendant's counsel or previous counsel; (3) obtaining from the appropriate source or sources copies of jail records concerning the alleged incident, such as any records of a plaintiff's administrative grievance, jail interview, or medical records; and/or (4) utilizing the subpoena procedure authorized by Rule 45. However, a plaintiff is responsible for tendering any appropriate witness fees should he elect to use the Rule 45 subpoena procedure to compel the attendance of a witness at deposition. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989) (civil rights plaintiff with IFP status is not exempt from requirement that witness fees be tendered with subpoena).

Mr. Downing's motion acknowledges that the Attorney General declined to accept service for multiple defendants and filed their last known addresses under seal. However, he does not ask for any specific relief. He simply informs the court of the status of service and states that he cannot comply. The Service Order informed Mr. Downing what to do in this situation:

> If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

ECF No. 16 at 3, ¶ 7. The Attorney General provided full names for 13 of the 19 defendants with actionable claims stated against them,[3] and accepted service for 10 of the 19 defendants. ECF Nos. 21, 23. The Attorney General notified Downing that service was not accepted for nine

---
[3] Downing already provided full names for five defendants in his Complaint.

4

defendants but provided full names for each defendant along with their last known address under seal. ECF No. 13. Pursuant to the Service Order, Downing was responsible for asking the court to issue summons for these nine defendants.

Mr. Downing is advised to carefully review this Order as well as the Service Order, the Rules, Local Rules of Practice, and relevant case law. The court appreciates that it is difficult for pro se parties to litigate their claims, particularly when a party is incarcerated. However, a pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Each defendant must be properly served with the summons and complaint, or waive service of process, for the court to exercise jurisdiction over them. *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Mr. Downing cannot simply rely on the Attorney General's identification of a defendant or submission of an address(es). As the plaintiff, Downing is ultimately responsible for providing information to serve defendants, *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22, and moving this case toward disposition on the merits. *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996).

The court will extend the service deadline until **December 24, 2018**, and direct the Clerk of Court to issue summons for the nine defendants identified by the Attorney General and provide the USM with the sealed addresses to attempt service. The Clerk of Court shall mail Downing eight blank USM-285 forms along with instructions for completing the forms. Downing shall have until **November 23, 2018**, to mail the U.S. Marshal a completed USM-285 Form for *each defendant*, not including their address.[4] If the USM is unable to serve any defendant(s) at his or her last known address and Mr. Downing wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for that defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m), Downing must comply with this Order by completing service by **December 24, 2018**. Failure to complete service by that

---

[4] Plaintiff is advised that the mailing address to send the USM-285 forms is:

U.S. Marshal Service
333 Las Vegas Boulevard South, Suite 2058
Las Vegas, NV 89101

5

1 deadline will result in a recommendation to the district judge that any unserved defendant be
2 dismissed without prejudice.

3     The motion also provides additional information to identify the defendant who Downing
4 sued as "Navatono." The NDOC defendants were previously unable to identify Navatono from
5 the information he provided. The motion elaborates that Navatono was the senior correctional
6 officer who "drove the cart transporting Plaintiff to operations office, then Unit 8, whom may be
7 named Naverette." The NDOC defendants did not file a response to Downing's motion. Based
8 on this new information, the court will order the Attorney General to advise whether this defendant
9 can now be identified and, if so, whether service will be accepted on behalf of this defendant. If
10 this defendant can be identified but the Attorney General cannot accept service, the Attorney
11 General shall file the last known address of this defendant if this information is known, under seal,
12 without serving Mr. Downing with the address. If the last known address of the defendant is a
13 P.O. box, the Attorney General shall attempt to obtain and provide the last known physical address.
14     Accordingly,

15 **IT IS ORDERED:**

16 1. Plaintiff Curtis L. Downing's Motion re: Identifying Unserved Defendants (ECF No. 22) is **GRANTED in part consistent with this order**.
18 2. The Clerk of Court shall ISSUE SUMMONS *UNDER SEAL* for Defendants (1) Joshua Oretga, (2) Minor Adams, (3) Subhabrata Das, (4) Tyler Hochmann, (5) Eyvi Rodarte, (6) Ana Leos, (7) Brian Kerby, and (8) Angel Contreras, and deliver the same to the USM for service along with a copy of this Order, the Complaint (ECF No. 7), and Sealed Submission of Last Known Address (ECF No. 18).
23 3. The Clerk of the Court shall MAIL Mr. Downing eight USM-285 forms along with instructions for completing the form and a copy of this Order.
25 4. By **November 23, 2018**, the USM must receive Mr. Downing's completed USM-285 forms via mail to attempt service.
27 5. Once the USM-285 forms are received, the USM shall attempt service on defendants at the addresses listed in the Sealed Submission of Last Known Address (ECF No. 18).

6. After attempting service, the USM shall redact the process receipt and return forms so that the defendants' last known address is not made publicly available.

7. The USM shall file notice with the court, and serve the notice on Mr. Downing, indicating whether each defendant was served.

8. If the USM is unable to serve any defendant and Mr. Downing wishes to have service attempted again, Downing must timely file a motion specifying a more detailed name and/or address for each defendant, or whether some other manner of service should be attempted.

9. Downing must carefully review and strictly follow all other instructions stated in the March 21, 2018 Order (ECF No. 16).

10. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to complete service is extended to **December 24, 2018**.

11. Mr. Downing must comply with this Order by completing service by **December 24, 2018. Failure to complete service by that date will result in a recommendation to the district judge that any unserved defendant be dismissed without prejudice.**

12. Based on new information Mr. Downing provided, the Attorney General is ordered to advise the court by **November 7, 2018**, whether the defendant described as "Navatono" and/or "Naverette" can now be identified and, if so, whether it will accept service on behalf of this defendant.

13. If this defendant can be identified but the Attorney General cannot accept service, the Attorney General shall file, under seal, the last known address of this defendant, if known, but shall not serve Mr. Downing with it. If the last known address of the defendant is a P.O. box, the Attorney General shall attempt to obtain and provide the last known physical address.

Dated this 23rd day of October 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE