# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Curtis L. Downing, | Case No. 2:16-cv-02632-RFB-BNW |
| Plaintiff, | |
| v. | **Order** |
| Jo Gentry, et al., | |
| Defendants. | |

Before the Court are two motions by plaintiff Curtis L. Downing to extend the time for service upon defendants Minor Adams and Joshua Ortega. ECF Nos. 103 & 105.[1] The district judge directed the U.S. Marshals Service to attempt service upon these defendants over one year ago. ECF No. 84 at 3. The Court is informed that the U.S. Marshal did not attempt service because it had not received the requisite USM-285 forms. Downing could have inquired about the status of service far sooner. But because the failure to attempt service was not his fault, the Court will grant Downing's motions, extend the time for service one final time, and direct the U.S. Marshal to attempt service.

**I. Background**

The Court assumes the parties' familiarity with the facts and procedural history of this case, and it will recite only those points that are necessary to resolve Downing's motions.

In March 2020 the district judge dismissed Adams and Ortega for lack of service. ECF No. 84 at 1. Downing subsequently filed a motion to amend his complaint, which the district judge

---

[1] Also pending before the Court are two motions requesting the appointment of counsel (ECF Nos. 104 & 106), which the Court will address in a later order.

construed as a request for the Court to reinstate Adams and Ortega. *Id.* at 1–2. Ultimately, in April 2020 the district judge reinstated Adams and Ortega as defendants, directed the U.S. Marshals Service to attempt service upon them using the addresses under seal at ECF No. 18, and extended the Rule 4(m) service deadline to June 8, 2020, on the basis of good cause. *Id.* at 2.

To date the record lacks any indication that the U.S. Marshal attempted service upon Adams and Ortega. As a result, in January 2021 the clerk of court issued a notice informing Downing that she intended to dismiss Adams and Ortega under Rule 4(m) because there was no proof of service on the record. ECF No. 102. Downing, in response, filed the underlying motions requesting an extension of the service deadlines because, in relevant part, the clerk of court "ha[d] not timely notified plaintiff as to whether or not service could be effected upon [] Adams and Ortega." ECF No. 103 at 2.

In April 2021 the Court learned from the U.S. Marshals Service that it had not attempted service upon Adams or Ortega because it had not received the requisite USM-285 forms. Notably, the record reflects that the clerk of court sent the U.S. Marshal a copy of the sealed and issued summonses for Adams and Ortega, the amended complaint, and the sealed filing containing Adams's and Ortega's last-known addresses. ECF No. 85. However, it does not appear that USM-285 forms were ever sent to the U.S. Marshal.

## II. Discussion

When a litigant proceeds in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d); *accord* Fed. R. Civ. P. 4(c)(3) (explaining that, upon plaintiff's request, the Court "must" order that service be made by the U.S. Marshals Service if the plaintiff proceeds in forma pauperis under § 1915). Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). So long as the plaintiff provides the information necessary to help effectuate service, the plaintiff should not be penalized for lack of service "where the U.S. Marshal or the court clerk failed to perform the duties required of each of them under" 28 U.S.C. § 1915 and Rule 4. *Id.* If the plaintiff has furnished the necessary information, then the marshal's failure to effect service "is automatically good cause within the meaning of Rule 4(m)." *Castle v. Parkinsons*, 2007 WL 9706641, at *4 (N.D. Cal. Jan. 4, 2007) (citation omitted).

Here, the Court in its discretion finds that there exists good cause to extend the deadline for service upon Adams and Ortega. To be sure, the necessary address information was provided under seal by the Attorney General, not by Downing. ECF No. 18. And the U.S. Marshal previously attempted service at those addresses, to no avail. ECF No. 80 at 8, 10. Still, Downing proceeds in forma pauperis, ECF No. 16, and he provided enough information to convince the district judge to direct the U.S. Marshal to again attempt service upon Adams and Ortega. ECF No. 84 at 2.

It appears that the U.S. Marshal did not receive a copy of the order directing it to attempt service, nor did it receive the requisite USM-285 forms. The failure to attempt service was not Downing's fault, as the district judge did not order him to complete a USM-285 form or to send anything to the U.S. Marshals Service. Downing should have inquired about the status of service far, far sooner. But the Court finds that, under *Puett* and *Castle*, Downing may not be penalized for the lack of service, and there is automatically good cause to extend the Rule 4(m) service deadline. Accordingly, the Court will not proceed to the second step of the Rule 4(m) analysis. Downing's motions will be granted, the Court will extend the time for service, and it will direct the U.S. Marshal to attempt service upon Adams and Ortega.

**III. Conclusion**

IT IS THEREFORE ORDERED that plaintiff's motions to extend time (ECF Nos. 103 and 105) are GRANTED.

IT IS FURTHER ORDERED that the deadline for service upon defendants Minor Adams and Joshua Ortega is extended up to and including August 24, 2021.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to fill out two UMS-285 forms on plaintiff's behalf for service upon Minor Adams and Joshua Ortega. On the forms, the clerk shall leave blank the "address" information for each defendant; the U.S. Marshal shall instead acquire that information from the sealed filing at ECF No. 18.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to send to the U.S. Marshals Service a copy of this order, the sealed filing at ECF No. 18, the operative complaint (ECF No. 64), the sealed summonses at ECF No. 85, and the two USM-285 forms.

IT IS FURTHER ORDERED that in accordance with Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshal shall attempt service upon defendants Minor Adams and Joshua Ortega at their last-known addresses, which are filed under seal at ECF No. 18.

DATED: May 24, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE