UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CURTIS L. DOWNING, | Case No. 2:16-cv-02632-RFB-BNW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| JO GENTRY, et al., | |
| Defendants. | |

### I.  INTRODUCTION

Before the Court are Plaintiff Curtis L. Downing's: MOTION for Entry of Clerk's Default as to Defendant Jose M Navarette (ECF No. 119), MOTION for Entry of Default Judgment (ECF No. 121), and MOTION for Default Judgment (ECF No. 130).

For the foregoing reasons, the motions for Entry of Clerk's Default (ECF No. 119) and Entry of Default Judgment (ECF No. 121) are denied, while the motion for Default Judgment (ECF No. 130) is granted.

### II.  PROCEDURAL BACKGROUND

Plaintiff Curtis L. Downing is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") at the Southern Desert Correctional Center ("SDCC"). On November 14, 2016, Plaintiff commenced this action, filing a complaint alleging civil rights violations pursuant to 28 U.S.C. § 1983. ECF Nos. 1, 6. On October 25, 2017, the Court screened the complaint and allowed Plaintiff's First Amendment retaliation claim to proceed against "Navatona." ECF No. 6. On November 8, 2018, the Court ordered for the Clerk of the Court to issue summons for "Navatona," identified as Jose M. Navarette. ECF No. 47. Navarette was served

on December 3, 2018. ECF No. 56. An answer was due on December 24, 2018, but Navarette did not provide any response. Id.

On February 21, 2019, Plaintiff filed an amended complaint. ECF No. 64. The amended complaint alleges a First Amendment retaliation claim against, inter alia, Navarette in his individual capacity as an NDOC senior correctional officer. Plaintiff alleges that Navarette took property from him as an act of retaliation. The Court denied Defendants' Motion Dismiss the amended complaint on March 5, 2020. ECF No. 73.[1] On March 25, 2020, Plaintiff filed a "Motion to Amend Complaint," requesting Jose M. Navarette be added to the amended complaint. ECF No. 80. On April 9, 2020, the Court, construing the motion as a Motion for Issuance of Summons and Service, granted in part and denied in part the motion. ECF No. 84. It noted that the Amended Complaint already named Navarette, and that he was successfully served, although he had not responded to Plaintiff's complaint in any way, despite having been served over one year ago. Id.

On July 22, 2022, Plaintiff filed the instant Motion for Entry of Clerk's Default as to Navarette "for the failure to plead or otherwise defend as provided by Federal Rules of Civil Procedure." ECF Nos. 119, 120. That same day, Plaintiff filed the instant Motion for Entry of Default Judgment. ECF No. 121. Plaintiff's motion for entry of default judgment requests that the Clerk of the Court enter judgment in default. Id. Plaintiff also asserts that Navarette was not in the military service of the United States because he believed that Navarette has worked at SDCC since the date of the September 14, 2016 incident. ECF No. 122. Thus, given the lack of an answer or effort to defend in this matter, entry of default against Navarette is in the interest of justice. ECF No. 123.

On August 5, 2022, Defendants Rama Akash, Adam Burnside, Frank Dreesen, Jo Gentry, Brian Kerby, John King, Timothy Knatz, Joseph Kobrick, Gillian Lambey, Ana Leos, Rashonda Smith, and Elvin Worthey, represented by the Office of the Attorney General ("OAG") filed a Response in opposition to these motions. See ECF No. 125. Defendants argue that they have defended against Plaintiff's claims, and that the OAG does not represent Navarette. As such,

---

[1] Defendants filed a notice of appeal of this Court's denial of the motion to dismiss. ECF No. 88. The Ninth Circuit dismissed the appeal for lack of jurisdiction. See ECF No. 91.

Plaintiff's claims against Navarette should not be imputed against, or otherwise used as a means of proof, against the other Defendants. Additionally, without proof of the identity of Navarette, the State of Nevada, which indemnifies former employees for actions within the course and scope of their employment, would be unable to offer indemnity to Navarette. Therefore, Plaintiff's Motion, as it pertains to Defendants, should be denied. Plaintiff filed a Reply on August 12, 2022. ECF No. 126. Plaintiff responded that he is only seeking default against Navarette. Id. Further, Plaintiff does not oppose that Plaintiff's entry of default only be imputed against Navarette and not against these Defendants. Id.

On August 16, 2022, Plaintiff filed a subsequent Motion for Entry of Clerk's Default against Navarette, asserting the same bases for the earlier filed motion for entry of clerk's default. See ECF Nos. 127, 128. On September 8, 2022, the Clerk of the Court entered default against Navarette. ECF No. 129. No opposition was filed by any Defendants, including Navarette.

On September 13, 2022, Plaintiff filed a Motion for Default Judgment against Navarette, seeking an award in excess of $10,000.00. ECF No. 130. No opposition was filed by any Defendants.

This Order follows.

**III.   DISCUSSION**

      **a.   Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, the entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the complaint. Fed. R. Civ. P. 55(a). There is no right to a default judgment; its entry is entirely within the discretion of the district court. See Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986); see also Rashidi v. Albright, 818 F. Supp. 1354, 1356 n.4 (D. Nev. 1993). Defaults are generally disfavored, Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." See McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D. Nev. 2002) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel, 782 F.2d at 1471. The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is entry of a default judgment under Rule 55(b), either the clerk enters judgment (only where the plaintiff's claim is for a certain sum or where a sum can be made certain by computation), see Federal Rule of Civil Procedure 55(b)(1), or the party must apply to the Court for default judgment, see Federal Rule of Civil Procedure 55(b)(2).[2] Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72.

If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**b. Motion for Entry of Clerk's Default, ECF No. 119, and Motion for Entry of Default Judgment, ECF No. 121**

The Court finds that Plaintiff's July 22, 2022 Motion for Entry of Clerk's Default, ECF No. 119, is moot because the Clerk of the Court subsequently entered default against Navarette on September 8, 2022, following Plaintiff's second Motion for Entry of Clerk's Default filed on August 16, 2022, ECF No. 127.[3]

---

[2] Under Rule 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55.

[3] The Court notes that, unlike with Plaintiff's first motion for entry of default and motion for default judgment,

- 4 -

Plaintiff's July 22, 2022 Motion for Entry of Default Judgment is addressed to the Clerk of the Court, ECF No. 121, therefore the Court finds that it is brought pursuant to Federal Rule of Civil Procedure 55(b)(1). Yet, the motion states that the amount in damages will be determined pursuant to Rule 55(b)(2). Thus, Plaintiff's claim against Navarette, as described in the July 12, 2022 Motion for Entry of Default Judgment, is not "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Accordingly, the Court denies this motion without prejudice.

### c. Motion for Default Judgment, ECF No. 130

The Court now addresses Plaintiff's September 13, 2022 Motion for Default Judgment, ECF No. 130. The Court finds that, because the motion is addressed to the Court, it is brought pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff obtained the clerk's default. Navarette has not filed an answer, a motion to dismiss, or otherwise appeared in the action since being served in December 2018. Therefore, Plaintiff is not required to serve Navarette with notice of this motion. See Fed. R. Civ. P. 55(b)(2).

The Court now determines whether the Eitel factors weigh in favor of granting default judgment in favor of Plaintiff. In doing so, the Court concludes that default judgment against Navarette is warranted.

The first and sixth factors favor granting default judgment because Navarette failed to defend—or appear at all in this matter—since being served with the summons and the complaint. Navarette's failure to appear for the past four years prejudices Plaintiff by preventing him from determining liability, including damages, against Naverette. Further, Navarette's failure to appear for a substantial period of time demonstrates the lack of excusable neglect.

The second and third factors also favor granting default judgement. Plaintiff's amended complaint alleges a First Amendment retaliation claim against Defendants Navarette, Akash, Burnside, and John Doe for the destruction of a television in his dorm (Count II). Specifically, on September 14, 2016, Navarette, Akash, Burnside, and Doe came to Plaintiff's dorm, asked what

---

Defendants Rama Akash, Adam Burnside, Frank Dreesen, Jo Gentry, Brian Kerby, John King, Timothy Knatz, Joseph Kobrick, Gillian Lambey, Ana Leos, Rashonda Smith, and Elvin Worthey did not file a Response to Plaintiff's second motion for entry of default or motion for default judgment. Indeed, Plaintiff asserted in his August 12, 2022 Reply that the instant motions for default were limited to Navarette's liability.

property belonged to him to which he identified boxes, a television, and other items on his bunk. Navarette, Akash, Burnside, and Doe then escorted him out of the dorm and placed him on a "cush cart" with some of his property. According to the amended complaint Navarette, Akash, Burnside, and Doe did not return his television to dissuade him from litigating his own case.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2004). To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68.

The Court denied Defendants' motion to dismiss, finding that Plaintiff's claim sufficiently alleged that Navarette and the others took his television and other property in retaliation for exercising his right to litigate which is protected conduct.

The Fourth factor weighs against granting default judgment. Plaintiff's amended complaint seeks general, compensatory, and punitive damages against Defendants Naverette, Akash, Burnside, and John Doe that exceed $10,000 for their alleged first amendment retaliation. Plaintiff, however, does not provide a basis for the amounts sought, nor does he explain how Navarette's alleged liability caused him damages in excess of $10,000. The claim also alleges that Defendants Akash and Burnside took part in the conduct underlying Plaintiff's First Amended Complaint. As Navarette's liability is intertwined with Akash and Burnside's liability, determining Akash and Burnside's liability may directly impact any amount in damages Naverette may be liable for. Thus, the Court finds that it would be premature at this stage to attempt to assess Navarette's liability, even if it granted Plaintiff default judgment against Navarette. This is not fatal, however, as Rule 55(b) allows a court to conduct a subsequent hearing to determine the amount in damages Navarette would be liable for if the Court grants Plaintiff's default judgment motion. See Fed. R. Civ. P. 55(b)(2)(B).

The Fifth factor also weighs against granting default judgment. Defendants Akash and Burnside are represented by the OAG, and the Court anticipates that there will be a dispute

- 6 -

concerning material facts, including those surrounding the First Amendment Retaliation claim; therefore, this factor weighs against entry of default judgment.

Finally, while the seventh factor generally counsels against the granting of default judgment, Navarette's failure to appear prevents the Court from determining the First Amendment retaliation claims against Navarette on its merits.

In sum, the Eitel factors weigh in favor of the entry of default judgment against Navarette.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Curtis L. Downing's MOTION for Entry of Clerk's Default as to Defendant Jose M. Navarette (ECF No. 119) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff Curtis L. Downing's MOTION for Entry of Default Judgment (ECF No. 121) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Curtis L. Downing's MOTION for Default Judgment (ECF No. 130) is GRANTED. The Clerk of the Court shall enter JUDGMENT for Plaintiff and against Jose M. Navarette. Plaintiff is further granted leave to file a motion for the Court to determine the amount of damages, upon resolution of this case as to the remaining Defendants.

**DATED:** February 13, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**